UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

September 26, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Daniel G. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 24-1806-CDA

Dear Counsel:

On June 21, 2024, Plaintiff Daniel G. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2025). I have considered the record in this case (ECF 6) and the parties' briefs (ECFs 9, 11-12). I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the Commissioner's decision. This letter explains why.

I. **PROCEDURAL BACKGROUND**

Plaintiff filed Title II application for Disability Insurance Benefits ("DIB") on July 7, 2018, alleging a disability onset date of June 6, 2018.[2] Tr. 262-70. Plaintiff's claims were denied initially and on reconsideration. *Id.* at 116-19, 121-23. An Administrative Law Judge ("ALJ") held hearings on August 31, 2023, January 25, 2023, and April 23, 2020. *Id.* at 36-82. Following the hearing, on September 28, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[3] during the relevant time frame. *Id.* at 14-35. On May 1, 2024, the Appeals Council denied Plaintiff's request for review, *id.* at 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000);

---

[1] Plaintiff filed this case against Martin O'Malley, the Acting Commissioner of Social Security, on June 21, 2024. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] Plaintiff amended the alleged onset date to September 26, 2021. Tr. 17, 429-30.

[3] 42 U.S.C. §§ 301 et seq.

*Daniel G. v. Bisignano*
Civil No. 24-1806-CDA
September 26, 2025
Page 2

*see also* 20 C.F.R. § 422.210(a).

## II.     THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

At step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from his amended alleged onset date of September 26, 2021 through his date last insured of December 31, 2022." Tr. 20. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "obesity, lumbar strain, dorsalgia, depressive disorder, anxiety disorder, and bipolar disorder." *Id.* The ALJ also determined that Plaintiff suffered from the non-severe impairments of hepatitis C, obstructive sleep apnea, and a visual impairment. *Id.* At step three, the ALJ determined that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* at 21. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in [20 C.F.R. § 404.1567(b)] except he cannot climb ladders, ropes, or scaffolds, and can only occasionally climb [up] ramps or stairs. [Plaintiff] can occasionally stoop, kneel, crouch, crawl, and balance. He is limited to understanding and carrying out detailed, but not complex, instructions. He can use judgment to make simple, work-related decisions and cannot work at a specific production-rate pace, as in an assembly line or where work requires hourly quotas. He can tolerate occasional interaction with supervisors, coworkers, and the public, He is limited to work requiring only occasional changes in the routine work setting.

*Id.* at 23. The ALJ determined that Plaintiff "[t]hrough the date last insured, . . . was unable to perform any past relevant work" as a Cleaning Supervisor (DOT[4] #321.137-010) and Warehouse

---

[4] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*,

*Daniel G. v. Bisignano*
Civil No. 24-1806-CDA
September 26, 2025
Page 3

Worker (DOT #922.687-058). *Id.* at 27. The ALJ further determined that Plaintiff can perform other jobs that exist in significant numbers in the national economy. *Id.* Therefore, the ALJ concluded that Plaintiff was not disabled between the alleged onset date of September 26, 2021 and the date last insured, December 31, 2022. *Id.* at 28.

### III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . [and] somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff argues that the RFC lacks the support of substantial evidence because the ALJ failed to (1) build an accurate and logical bridge between the evidence and specific production rate limitation; (2) explain Plaintiff's ability to stay on task for the amount of time that the vocational expert ("VE") deemed work-preclusive if required to be off task; and (3) conduct an adequate function-by-function assessment of Plaintiff's exertional limitations. ECF 9, at 8-21. Defendant counters that the ALJ's decision is proper because the ALJ (1) was not required to explain Plaintiff's ability to stay on task and (2) properly concluded that Plaintiff is capable of performing light work, and Plaintiff fails to allege that he is unable to perform the RFC due to his moderate concentration, persistence, and pace ("CPP") limitation. ECF 11, at 6-20.

   A. *The ALJ did not err by including a production rate limitation in the RFC.*

As an initial matter, the Court agrees with Plaintiff that the ALJ failed to explicitly identify what evidence they relied on to include a production rate limitation. The decision, outside of the RFC, lacks any reference to a production rate limitation. *See* Tr. 17-29. The ALJ summarized the evidence and broadly concluded that the record evidence supported the RFC but did "not support any limitations beyond the" RFC. *Id.* at 26. Plaintiff is correct that this analysis fails to build an accurate and logical bridge between the evidence and specific production rate limitation. *See Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) ("[M]eaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion."). But this does not end the

---

810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Daniel G. v. Bisignano*
Civil No. 24-1806-CDA
September 26, 2025
Page 4

inquiry.

"In reviewing SSA decisions, the Court applies a harmless-error standard." *David C. v. Bisignano*, No. 24-2247-CDA, 2025 WL 2172675, at *4 (D. Md. July 30, 2025) (citing *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017)). Therefore, even if an ALJ fails to provide a narrative discussion, a claimant must still demonstrate that such error is not harmless. Specifically, "where an ALJ 'finds moderate limitation in CPP' and 'has included a . . . restriction to non-production oriented work, *Mascio* does not require further explanation by the ALJ, at least absent some evidentiary showing by the claimant . . . that he or she cannot perform even non-production-type work because of his or her particular CPP deficits.'" *Michelle W. v. O'Malley*, No. 23-2898-CDA, 2024 WL 3925065, at *3 (D. Md. Aug. 23, 2024) (quoting *Grant v. Colvin*, No. 15-0515, 2016 WL 4007606, at *9 (M.D.N.C. July 26, 2016)).

The ALJ here prescribed an RFC limitation that adequately accounts for Plaintiff's moderate CPP limitation. *See* Tr. 23; *see, e.g., Estelle G. v. Dudek*, No. 24-0012-CDA, 2025 WL 923411, at *3-5 (D. Md. Mar. 26, 2025) (holding that an RFC restricting the claimant to "simple, routine, and repetitive tasks in an environment where [they are] not expected to perform work requiring a specific production rate, such as assembly line work or work that requires hourly quotas[,]" adequately accounted for the claimant's moderate CPP limitation); *Michelle W.*, 2024 WL 3925065, at *2-4 (same). Plaintiff fails to allege that he is unable to perform the RFC because of his CPP limitation. *See* ECFs 9, at 8-12; 12, at 2-4. *Mascio* therefore does not require that the ALJ further explain the production rate limitation. Moreover, Plaintiff fails to identify any RFC provision that the ALJ should have included in lieu of the production rate limitation and fails to explain how a more detailed explanation of the ALJ's decision to include the limitation might change the outcome of this case. *See Estelle G.*, 2025 WL 923411, at *4; *Michelle W.*, 2024 WL 3925065, at *4. Accordingly, the Court finds that the ALJ did not err by including the specific production rate limitation in the RFC.

    B.   *The ALJ did not err by failing to explain Plaintiff's ability to stay on task.*

"[A]n ALJ is not required to determine a percentage of time off-task, and can simply consider whether a claimant has the ability to sustain work over an eight-hour workday." *Kane v. Comm'r, Soc. Sec. Admin.*, No. 17-1252-SAG, 2018 WL 2739961, at *2 n.2 (D. Md. May 14, 2018); *see also Adrienne P. v. Kijakazi,* No. 22-358-BPG, 2023 WL 2407394, at *3 (D. Md. Jan. 6, 2023) ("[A]n RFC determination implicitly contains a finding that [a] plaintiff is able to work an eight-hour work day[.]"). Moreover, "an ALJ is free to accept or reject restrictions included in hypothetical questions" posed to a vocational expert. *France v. Apfel*, 87 F. Supp. 2d 484, 490 (D. Md. 2000).

"A narrative discussion regarding a claimant's ability to stay on task is required if the ALJ includes a specific off-task limitation in the RFC." *Antwoin W. v. Dudek*, No. 24-0075-CDA, 2025 WL 949410, at *7 (D. Md. Mar. 28, 2025) (citing *April K. v. Kijakazi*, No. 21-1538-BAH, 2022 WL 2793048, at *5 (D. Md. July 15, 2022) (finding unnecessary a narrative discussion of an ability to remain on task where the ALJ did not find an off-task limitation necessary)). As the Court recognized previously, there is deference to an ALJ's decision not to impose off-task limitations

or otherwise speak to the ability to remain on task. *Id.*; *see, e.g.*, *Audrey L.*, 2024 WL 3905668, at *4 ("[A]n ALJ does not err by failing to consider a [VE]'s testimony regarding time off-task."); *Kaylee J. v. Kijakazi*, No. 22-2653-BAH, 2023 WL 4027514, at *3 (D. Md. June 15, 2023) (affirming the ALJ's decision not to include an off-task limitation in the RFC despite VE testimony "that being off task for more than nine percent of a workday would preclude work"); *Stacey F. v. Kijakazi*, No. 22-2362-BAH, 2023 WL 3932239, at *3-4 (D. Md. June 9, 2023) (affirming the ALJ's decision not to include an off-task limitation in the RFC despite VE testimony that a hypothetical employer would not tolerate more than five percent time off task); *April K.*, 2022 WL 2793048, at *5 (affirming the ALJ's decision not to include an off-task limitation in the RFC despite VE testimony that more than ten percent time off task would be work-preclusive).

Here, the ALJ did not err by failing to explain Plaintiff's ability to stay on task. Because the ALJ did not include a specific off-task limitation in the RFC, *see* Tr. 23, the ALJ was not required to narratively discuss Plaintiff's ability to stay on task. As in *Antwoin W.*, *Audrey L.*, *Kaylee J.*, *Stacey F.*, and *April K.*, the Court's conclusion is not altered by VE testimony that "time off task up to 10% of the workday . . . or greater on a consistent basis" was work-preclusive. Tr. 64-65.

   *C. The ALJ adequately evaluated whether Plaintiff cam perform light work.*

At the outset, the Court rejects Plaintiff's argument that the ALJ's failure to assess Plaintiff's exertional capabilities on a function-by-function basis warrants remand. ECF 9, at 16, 21. The Fourth Circuit has "rejected a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015); *accord Jennifer F. v. Dudek*, No. 24-0075-CDA, 2025 WL 948411, at *4 (D. Md. Mar. 28, 2025) ("[A]ny failure to explicitly examine each function of the [function-by-function] analysis does not, on its own, warrant remand.") (citation omitted). "Instead, Plaintiff must argue that such failure affected the ALJ's disability determination[.]" *Jennifer F.*, 2025 WL 948411, at *4 (citation omitted). Plaintiff fails to do that here.

The Court finds that the ALJ adequately evaluated whether Plaintiff can perform light work. First, the ALJ assigned persuasive value to a state agency medical consultant's opinion recommending light work. Tr. 26 (citing Tr. 95-113); *see, e.g.*, *Vanesta H. v. Kijakazi*, No. 23-594-CDA, 2023 WL 8716943, at *3 (D. Md. Dec. 18, 2023) (finding the ALJ's determination that the claimant could perform light work supported by substantial evidence because the ALJ assigned persuasive value to medical opinions opining that the claimant could perform light work); *Janell W. v. Kijakazi*, No. 22-2339-BAH, 2023 WL 4456848, at *3 (D. Md. July 11, 2023) (finding that although the ALJ did not "perform an explicit analysis of" the claimant's ability to lift, carry, push, or pull, the ALJ "accounted for" these functions by assigning persuasive value to medical opinions that explicitly addressed such functions). The consultant opined that Plaintiff could occasionally lift or carry 20 pounds, frequently lift or carry 10 pounds, stand or sit for 6 hours, walk for 6 hours, occasionally push or pull 20 pounds, and frequently push or pull 10 pounds. Tr. 107-08. Second, the ALJ summarized and cited numerous accounts in the record expounding on Plaintiff's exertional limitations. The ALJ noted in late 2021, Plaintiff's endorsement of issues with sitting, standing, walking, lifting, and carrying, including "great difficulty with gait, a shuffling gait,

*Daniel G. v. Bisignano*
Civil No. 24-1806-CDA
September 26, 2025
Page 6

muscle spasms, decreased hip and knee strength, limited spine movement, and the inability to lift and carry over 40 pounds." *Id.* at 24 (cleaned up).  The ALJ again noted Plaintiff's endorsement in early 2022 of poor extremity strength and diminished range of motion.  *Id.*  However, beginning at the end of 2022, the ALJ observed "greatly reduced pain, gait improved to near normal level as well as improvement in range of motion and strength, but not quite to the normal level."  *Id.*  The ALJ acknowledged a May 2023 examination where Plaintiff was "able to ambulate around the room" but still presented with a "diminished range of motion."  *Id.*  The ALJ further recognized that Plaintiff's "increased body weight and habitus associated with obesity" affected her exertional limitations.  *Id.* at 25.  In light of this evidence, the ALJ limited Plaintiff "to a range of light exertional work" because "the nature of [Plaintiff]'s treatment and the findings made during the course of treatment do not support a more restrictive finding."  *Id.* at 26.  This evidence provides the requisite "accurate and logical bridge" to the ALJ's determination that Plaintiff could perform light work.  *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

\*     \*     \*

The ALJ's reliance on substantial evidence and a robust discussion of Plaintiff's record in assessing the RFC permits meaningful review for the reasons explained above.  A reasonable mind could accept the evidence provided as sufficient to support the ALJ's conclusion.  *See Laws*, 368 F.2d at 642.  That being the case, any disagreement that Plaintiff may have with the ALJ's conclusions is not enough to reverse the Commissioner's decision.  *See Drumgold v. Comm'r of Soc. Security*, 144 F.4th 596, 605 (4th Cir. 2025).  Accordingly, remand is unwarranted.

### V. CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge