**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**CHARLES D. AUSTIN**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7810**
**MDD_CDAChambers@mdd.uscourts.gov**

September 4, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *Daniel G. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
Civil No. 24-01806-CDA

Dear Counsel:

Pursuant to Local Rule 105.10, Plaintiff Daniel G. ("Plaintiff") filed a Motion to Reconsider (the "Motion") the Court's September 26, 2025 Memorandum Opinion and Order (the "September 26, 2025 Decision"), which affirmed the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") decision and closed this case. ECF 16. Defendant did not file a response in opposition. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, the Court will DENY the Motion.

## I. <u>LEGAL STANDARD</u>

The Court's review of an ALJ's decision is limited to determining whether substantial evidence supports the ALJ's findings, *see* 42 U.S.C. § 405(g), and whether the ALJ properly applied the relevant legal standards, *see Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). When deciding whether to reconsider a judgment under Local Rule 105.10, the Court uses the standard relevant to motions for reconsideration brought under Federal Rule of Civil Procedure 59(e). *See Crocetti v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018). Under Rule 59(e), the Court may alter or amend a prior decision if: (1) there has been an intervening change of controlling law; (2) new evidence has become available; or (3) "there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010). "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to ask the Court to rethink what the Court had already thought through—rightly or wrongly." *Crocetti*, 2018 WL 3973074, at *1 (internal citation omitted). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac.*

[1] Plaintiff filed this case against Martin O'Malley, the Acting Commissioner of Social Security, on May 29, 2024. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

*Ins. Co. v. Am. Nat'l Fire Ins. Co*., 148 F.3d 396, 403 (4th Cir. 1998) (collecting cases).

## II. ANALYSIS

Plaintiff contends that reconsideration is warranted because the Court's September 26, 2025 Decision improperly employed harmless error review by engaging in "post hoc judicial fact-finding." ECF 16, at 3. According to Plaintiff, "the Court is foreclosed from a harmless-error rescue where, as here, the ALJ supplies no rationale that allows meaningful review." *Id.* at 2. Plaintiff argues that the Court's harmless error analysis must fail because the Court cannot substitute its own analysis of the record evidence where the ALJ failed to do so in the first instance. *Id.* (citation omitted). Plaintiff is correct that the Court must not substitute its own analysis of the evidence for the ALJ's. However, this is not what occurred here.

As noted in the September 26, 2025 Decision, "the ALJ failed to *explicitly* identify what evidence they relied on to include a production rate limitation" but rather "summarized the evidence and broadly concluded that the record evidence supported the RFC[.]" Though Plaintiff is correct that the ALJ did not build an accurate and logical bridge between the evidence and specific production rate limitation, the inquiry must proceed and a harmless-error standard is applied. September 26, 2025 Decision, at 3-4. In their decision, the ALJ found a moderate CPP limitation and included a restriction to non-production oriented work. Tr. 22-23. Per *Mascio v. Colvin*, 780 F.3d 632, 363 (4th Cir. 2015), "further explanation by the ALJ, at least absent some evidentiary showing by the claimant . . . that he or she cannot perform even non-production-type work because of his or her particular CPP deficits" is not required. *Michelle W. v. O'Malley*, No. 23-2898-CDA, 2024 WL 3925065, at *3 (D. Md. Aug. 23, 2024) (quoting *Grant v. Colvin*, No. 15-0515, 2016 WL 4007606, at *9 (M.D.N.C. July 26, 2016)).

Plaintiff also argues that the Courts use of cases such as *Michelle W.* and *Estelle G. v. Dudek*, No. 24-0012-CDA, 2025 WL 923411 (D. Md. Mar. 26, 2025) is improper as the Court, according to Plaintiff, borrows the functional capacities of the Plaintiff in these cases and attributes them to the present case. The Court rejects this characterization of its use of relevant case law. A reading of the September 26, 2025 Decision makes clear that the Court cites to the cases for their legal principles, not to borrow and project the symptoms of other Plaintiffs to Daniel G. *See* September 26, 2025 Decision, at 4 (citing to *Estelle G.*'s and *Michelle W.*'s holdings describing how a claimant's moderate CPP limitation may be adequately accounted for in an RFC).

At bottom, Plaintiff asks the Court to "rethink what the Court had already thought through– rightly or wrongly," which is an improper basis for reconsideration. *Crocetti*, 2018 WL 3973074, at *1. As such, the Motion fails to establish that reconsideration is necessary here to "correct a clear error or to prevent manifest injustice." *Robinson*, 599 F.3d at 411.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Reconsider, ECF 16, is DENIED. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion and docketed as an Order.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge